# William F. Logan et al., Plffs. in Err., v. Sharon M. Quigley.

In an action of ejectment, the writ and return thereon are admissible in evidence, although not set forth in plaintiff's abstract of title.

In an action of ejectment to recover possession as tenant by the curtesy, plaintiff's written election to take his wife's real estate is evidence pertinent to the issue.

In such action, where the defenses were that defendants never had possession and that plaintiff had under the act of May 4, 1855, lost his right as tenant by the curtesy, by neglect to provide for his wife,—*Held*, under the evidence, properly submitted to the jury.

(Argued October 11, 1887. Decided October 31, 1887.)

NOTE.—The husband may elect to take against the wife's will as tenant by curtesy. Clarke's Appeal, 79 Pa. 376. Notwithstanding the act of June 3, 1887, giving to married women the power to dispose of their property by will. Teacle's Estate, 132 Pa. 533, 19 Atl. 274; Kneedler v. Leaver, 6 Pa. Co. Ct. 556. And the right is expressly reserved by § 5 of the married woman's act of June 8, 1893. But the estate may be lost by desertion, by virtue of the act of May 4, 1855. If desertion is shown, it is presumed to be malicious. Bealor v. Hahn, 117 Pa. 169, 11 Atl. 776. But the separation may be shown to have been by agreement in which case the estate is not forfeited (Hart v. McGrew, *post*, p. 505); or for causes, which would have entitled the husband to a divorce (Hahn v. Bealor, 132 Pa. 242, 19 Atl. 74).

October Term, 1887, No. 51, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to Common Pleas of Armstrong County to review judgment in favor of plaintiff in ejectment. Affirmed.

Plaintiff sued to recover possession as tenant by curtesy.

Plaintiff was, on June 6, 1883, married to Mattie A. Logan, who was seised of the land in suit.

She had resided thereon before her marriage and plaintiff had resided on a farm a few miles distant.

Immediately after the marriage they resided at plaintiff's house for a few days when they separated, the wife returning to her former home. They parted in a friendly manner and plaintiff once afterwards visited his wife and endeavored to persuade her to return to his home, and he also wrote her a letter expressing the same wish. The wife refused to return to her husband's home and continued to live on her own land, being the land in suit, until March 22, 1885, when she died.

During the period of separation, plaintiff did not contribute to the support of his wife and told a physician not to attend her on his account.

The wife left a will devising the land in suit to Wm. F. Logan, Thomas J. Logan, John A. Logan, Sarah A., his wife, and Frank Logan. Plaintiff, by writing, elected to take as tenant by the curtesy and brought this action of ejectment against the devisees and Peter Klingensmith, who had been a tenant under testatrix and continued in possession of part of the land after her death.

Defendant filed an abstract of title, claiming among other things that plaintiff had lost his right to the curtesy by neglect and improper conduct. The court, NEALE, P. J., submitted to the jury the questions whether defendants ever had possession, and whether plaintiff, by his conduct, and neglect to provide for his wife, had under the act of May 4, 1885, lost his right as tenant by the curtesy, and charged the jury, and answered certain points, as set forth in defendants' assignments of error hereinafter mentioned.

The jury returned a verdict in favor of plaintiff against Wm. F. Thomas, J. and Frank Logan, and Peter Klingensmith, and not guilty as to the other defendants.

From judgment thereon defendants took this writ, assigning

as error: The admission of the writ of ejectment in evidence, it not being set forth in plaintiff's abstract of title; admitting to be read plaintiff's election to take estate by curtesy; the answers to defendants' second, third, and fourth points and plaintiff's fourth point; and the portions of the charge given below.

Defendants' points:

2. That if the jury believe from the evidence that Frank Logan and Peter Klingensmith were in the possession of the premises under Mattie A. Logan, the wife of the plaintiff, at the time of service of the writ, under whom he claims the possession by the curtesy, his duty was, at the very start, to demand their possession from them; and, unless there is evidence of such demand and refusal on their part, the plaintiff cannot recover in this action against them; and in this regard the jury should find in their favor.

*Ans.* Affirmed, if the jury believe the parties named in this point were, at the time of the bringing of this action, holding over by reason of a right of possession under Mrs. Quigley— which right of tenancy was subject to some act of demand on the part of the landlord, or his successor in title, before such tenancy was to terminate. We have explained that to you in our general charge.

3. That the plaintiff not having shown title in himself, and not having shown entry or ouster, he cannot recover in this action; and the verdict of the jury should be for the defendants generally.

*Ans.* That point is refused.

4. That if the jury believe the evidence of the plaintiff's witness, P. H. McGrann, that the plaintiff agreed to live with her in her own house, if she didn't like his home, before they were married; and if they believe from the evidence that, from some cause, he did neglect or refuse to provide for his wife, and did refuse to pay her doctor bills, and that he wilfully neglected or refused to provide for his wife for a period exceeding one year, then the plaintiff cannot recover, and the verdict must be for the defendants.

*Ans.* We can hardly give you a direct answer to that point. In one aspect it may be affirmed. We have explained it fully to you in our general charge; and if you find that there was such a separation as gave her the right to exercise ownership of the

land under either of those sections of the act of assembly, the point would be affirmed; if not, then the point is refused.

Plaintiff's fourth point:

If the jury believe that Sharon M. Quigley, before suit brought, expressly demanded possession from Mr. Wm. Logan and such demand was then refused by said Wm. F. Logan, he is particularly estopped from disclaiming now, and by such disclaimer avoiding liability for costs.

*Ans.* That point is affirmed, if the jury believe the facts to be as stated. In that respect you will recollect the testimony of Sharon M. Quigley, and also the fact that under the will he (Wm. F. Logan) was one of the executors, and as such executor would have the right to receive the proceeds of the personal property belonging to her.

Defendants assigned as error the following portions of the charge:

"But these are leases where it is included in the lease itself, that they shall deliver over possession without notice to quit upon the termination of the lease, and if they fail to do that, then the landlord would have the right to proceed by his action of ejectment, or whatever form of action he considers best, to recover that possession."

"It becomes a question of fact for you to determine whether these parties or any of them were then holding under Mr. Quigley, and if they were, and they had such a right to hold under him by virtue of the power under which they entered, and no demand made for possession and no notice given, then the action of ejectment would not lie as to them; because they were in possession under him they are bound to as their landlord; they cannot under any circumstances, until they place themselves in a hostile possession, deny the title of their landlord. . . . You will have to determine whether or not they were holding there under lawful authority or as tenants under Mr. Quigley himself, under a lease not then expired by virtue of its own terms, or a lease not yet terminated because of any obligation that rested upon Mr. Quigley to demand the possession, to give notice to quit."

"Gentlemen, in this action of ejectment one of the essentials of it is that the persons against whom the action is brought shall be in the actual or constructive possession of the land themselves. If you find that these devisees under the will, namely:

Wm. F. Logan and Thomas J. Logan, had taken that kind of possession of the land, that they assumed the authority to rent the land to those persons who were in the actual occupancy of it as their tenants, and received the rent, then that would be such possession as would justify an action of ejectment being brought, and including them as parties in possession; although they may not have their feet upon the land at the time the writ was served, yet if they had any persons there as tenants under them, that would be occupancy by them."

"The law has made the return of the sheriff upon the writ legal evidence; and when that return says that these defendants were in possession it, when offered in evidence, is to be considered as evidence of the fact of an adverse possession on the part of the defendants named in the writ."

"We say to you that the facts of the marriage, the wife's ownership of the land and her death, gave to the husband the right of possession, particularly after he has elected to take as a tenant by the curtesy. You have that in evidence and may consider it as establishing his right of possession; but you have to go further. (Quoting the second and fifth sections of the act of assembly, 1855.) . . . Now do you find under this second section, that from drunkenness, profligacy, or other cause, the husband has neglected or refused to provide for his wife; or has he deserted? The evidence shows that there was a marriage and an amicable separation, that is, a friendly separation from each other, which proved to be a permanent separation. Was that caused by the drunkenness of Sharon M. Quigley, or by his profligacy? It is shown in evidence that he is not a profligate or drunken man.

" 'Or other cause;' we may say to you that the other cause must be some justifiable cause, something in the nature of harshness or cruelty on the part of the husband to his wife, such as made his relation to the wife unbearable to her, and cohabitation with her husband almost if not altogether impossible. That she was in other words driven, by his unkindness to her, to a separation from his bed and board. Have you any evidence of that kind? They seem to have been on friendly terms when they were last seen together. He appears to have written a letter to her asking her to return to his home. She failed to do so. . . . The other section is when a husband shall wilfully neglect or refuse to provide for his wife. You are to de-

termine under all the evidence whether there was a wilful neglect on his part in that respect. You are to take a fair, legitimate meaning of those words and determine for yourselves whether there was a wilful neglect or refusal to provide for his wife. Is there any evidence in this case that she gave him any information at all of her necessities or of her willingness or desire to have him come to see her? She had left his bed and board. She had taken herself to another home, and there she had lived and continued to live separate and apart from her husband. Was there any further necessity on his part than what he did—writing to his wife, not in an unkind spirit, asking her to come to him, that a home was ready for her, or whatever his words were? Does that under the evidence in this case disclose such a wilful neglect as is intended by that act of assembly? . . . If you find that this was not the case, then the husband is entitled as tenant by the curtesy to a life estate in her real estate; he has the right to the occupancy of that real estate for and during the term of his life; and consequently he had the right to bring this action of ejectment, provided he was not in actual or constructive possession of it himself."

"It would be your duty to find a verdict against all of them, if they have all made a defense and have not shown to your satisfaction that they were not in possession at the time of the bringing of this action and issuing of the writ. We will not go over the testimony in respect to that, because it has been fully commented upon by counsel. We have to say to you here that the mere fact of a demand of possession of one of these defendants, Mr. Wm. Logan, and that he did not give it, is not evidence that he had the possession. . . . If he was in possession and he refused to give it, if there was an actual demand, if he was in possession, either actual or by some person under him, and he refused it, then there was a demand of possession and a refusal on the part of Mr. Wm. F. Logan. . . . But that does not apply to all of the defendants in this case, because it is clearly in evidence that two of the defendants in this action were in possession. It is their duty to satisfy you that they were in possession there under Mrs. Quigley, by virtue of a lease obtained from her before her death and which was not terminated at the time of the bringing of this action; otherwise, if the lease had terminated and they had no right there and being found

in possession, it would be your duty to return a verdict as to them for the land described in the writ, the land in dispute."

*David Barclay,* for plaintiffs in error.—The plaintiff cannot recover without showing possession in defendant, adverse to himself; and such possession must be an actual possession. Dietrick v. Mateer, 10 Serg. & R. 151; Steinmets v. Logan, 3. Watts, 162; Bratton v. Mitchell, 5 Watts, 70; Zeigler v. Fisher,. 3 Pa. St. 367; McCanna v. Johnston, 19 Pa. 434; Helfenstein v. Leonard, 50 Pa. 461; Bronson v. Lane, 91 Pa. 153.

The plaintiff's claim was for the whole; and defendants had a right to a general verdict. Bratton v. Mitchell, 5 Watts, 70; Zeigler v. Fisher, 3 Pa. St. 367; and McCanna v. Johnston, 19 Pa. 434; Tripner v. Abrahams, 47 Pa. 220.

Plaintiff must show previous possession and ouster. Lykens. v. Whelan, 15 Pa. 483; Gourley v. Kinley, 66 Pa. 270.

THOMPSON, Ch. J., says in Black v. Tricker, 59 Pa. 13: "The section was designed to suspend the marital rights of the husband as a consequence of the acts enumerated, and at the same time to relieve the wife from her marital disabilities." It is. also decided in that case that the act of 1855 is *in pari materia* with the act of February 22, 1718, and secures to the wife all the rights and privileges secured to a *feme sole* trader by the latter act without a decree to that effect. Black v. Tricker was reaffirmed in Elsey v. McDaniel, 95 Pa. 472, and is the law in. Pennsylvania.

*W. D. Patton* and *James P. Colter,* for defendant in error.—

The evidence was sufficient and properly submitted to the jury.

In this state a surviving husband is entitled to curtesy of land of his deceased wife, of which he had only a potential seisin during her life. Actual possession by the wife or by the husband is not necessary. Buchanan v. Duncan, 40 Pa. 82.

A husband is entitled to his curtesy in the real estate of his. deceased wife, when he elects to take it, against her will. Clarke's Appeal, 79 Pa. 376.

PER CURIAM:

The writ of ejectment and return were properly admitted in evidence, although not set forth in the plaintiff's abstract of title. Quigley's election to take his wife's real estate as tenant by the

curtcsy was evidence pertinent to the issue trying. The instructions with reference to the lessees are unexceptionable; and as to the question of possession, the court properly left it to the jury, with full and careful instructions. So, what bad treatment and neglect by Quigley, of his wife, would deprive him of his right in her estate was left, under the facts of the case, to the jury, accompanied by a careful exposition of the legal rules governing the matter.

Without dwelling further on particulars, we regard this contention as well and skilfully disposed of in the court below.

The judgment is affirmed.